**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DONALD D. BAILEY and SANDRA M. BAILEY, ) ) ) Plaintiffs, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Defendants. ) ) | No. CIV 05-310-TUC-CKJ **ORDER** |

Pending before the Court are the Motion for Hearing to Review Status of Motion (Doc. 170), an Objection (Doc. 172) and a Second Request for Hearing (Doc. 174) filed by Plaintiffs Donald D. Bailey ("D. Bailey") and Sandra M. Bailey ("S. Bailey") (collectively, "Plaintiffs").

*Procedural Background*

This matter proceeded to a bench trial on June 14, 2007. On August 8, 2007, this Court issued its decision, finding that Plaintiffs had failed to sustain their burden of proof and finding in favor of the government.

On December 3, 2007, Plaintiffs filed a Motion to Stay Proceeding to Enforce Judgment. Over the government's objection, the Court granted the motion.

On December 27, 2007, Plaintiffs filed a Motion for New Trial. On February 13, 2008, this Court issued an Order construing the motion as a motion for relief under Fed.R.Civ.P. 60(b) and denying relief. The Order also vacated the order staying enforcement of the judgment.

On February 21, 2008, and April 8, 2008, Plaintiffs filed Motions for Additional Time to File Motion for Reconsideration and Motion to Correct Mistake seeking additional time to file a Motion under Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 60(a). On April 11, 2008, the Court denied the request finding that Plaintiffs had failed to show cause that justified granting the requested extension.

On June 17, 2008, Plaintiffs filed a Motion under Fed.R.Civ.P. 60(b)(2), Newly Discovered Evidence, and Fed.R.Civ.P. 60(b)(3), Fraud, for Relief from Judgment or Order and, on June 24, 2008, a Motion to Stay Proceedings to Enforce Judgment Pending Motion under Fed.R.Civ.P. 60(b)(2) and 60(b)(3). In seeking relief, Plaintiffs again argue that newly-discovered evidence establishes fraud. Plaintiffs assert the newly-discovered evidence was not discovered until after the Court's February 13, 2008, Order. On September 26, 2008, this Court denied Plaintiffs' request relief. Additionally, the Court ordered that Plaintiffs "shall not file any further motions seeking relief based on claims that Hale perjured herself or committed fraud without prior approval of the Court. Should Plaintiffs seek to submit such a filing, they shall lodge the motion for the Court's review prior to its filing." September 26, 2008, Order, Doc. 121, p. 5.

Plaintiffs appealed this matter. On June 21, 2010, the appellate court issued a memorandum decision affirming the judgment of this Court. On July 16, 2010, Plaintiffs filed a Second Motion under Fed.R.Civ.P. 60(b)(2) and 60(b)(3). The appellate court issued its mandate on August 16, 2010, and on November 5, 2010, this Court ordered Plaintiffs' Motion to be stricken.

This Court granted Plaintiffs' requests for additional time to file a Motion for Reconsideration and, on July 20, 2011, Plaintiffs filed a Third Motion under Fed.R.Civ.P. 60(b)(2) and 60(b)(3). This Court denied the Motion on September 22, 2011.

On March 14, 2012, Plaintiffs requested leave to file a Fourth Motion under Fed.R.Civ.P. 60(b) and (c) and, on May 4, 2012, Plaintiffs filed a Motion for Leave to file a Fifth Motion under Fed.R.Civ.P. 60(b). On June 1, 2012, this Court granted Plaintiffs leave to file the motions, but denied the relief requested in the Fed.R.Civ.P. 60 motions.

Plaintiffs appealed this Court's denial of Fed.R.Civ.P. 60 relief. While the appeal was pending, Plaintiffs filed a Motion for Leave to File a Motion under Fed.R.Civ.P. 60(d)(1) on July 31, 2012. On November 7, 2012, the appellate court summarily affirmed this Court June 1, 2012, Order. The appellate court also ordered all other pending motions denied as moot. The mandate was issued on December 31, 2012. The Clerk of Court terminated the July 31, 2012, Motion for Leave to File a Motion under Fed.R.Civ.P. 60(d)(1) pursuant to the appellate court's order that all pending motions be denied as moot.

On April 25, 2013, Plaintiffs filed a Motion for Hearing to Review Status of Fed.R.Civ.P. 60(d).

On June 27, 2013, Plaintiffs lodged a Motion under 60(d)(1) to entertain an independent action.

On August 16, 2013, Plaintiffs filed an Objection to the Clerk of Court's determination to require Plaintiffs' June 27, 2013, Motion be lodged.

On September 25, 2013, Plaintiffs again filed an Objection to the Clerk of Court's determination to require Plaintiffs' June 27, 2013, Motion be lodged and requested the allegations be treated as admitted if not denied.

On December 9, 2013, Plaintiffs filed a Second Request for Hearing.

*Requests for a Hearing*

The Court finds it would not be assisted by oral argument and declines to set this matter for a hearing. *See* LRCiv 7.2(f). The Court will deny the requests for a hearing.

*Objections*

The Court's September 26, 2008, Order stated that, if Plaintiff sought to submit a filing that was not based on claims that Hale perjured herself or committed fraud, they were to lodge such a motion. Even though Plaintiffs' proposed documents do not name Hale, Plaintiffs sought to submit the documents in this action. The Clerk of Court, therefore, appropriately lodged Plaintiffs' documents. without prior approval of the Court.

- 3 -

*Leave for Independent Action*

Fed.R.Civ.P. 60(d)(1) "is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted." 11 Wright, Miller & Kane, *Federal Practice and Procedure*, § 2868 (3d ed. Apr. 2013) ("FPP"), *citation omitted*.

The Eighth Circuit has stated:

> The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*National Sur. Co. v. State Bank of Humboldt, Neb.*, 120 F. 593, 599 (8th Cir. 1903). Indeed, if Rule 60(b) is to be interpreted as a coherent whole, independent actions must be reserved for those cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure" from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 45 (1998).

However, it appears this Court may not have the authority to determine whether it is appropriate to permit Plaintiffs to proceed with an independent action.[1] Rather, when "the original action has been the subject of an appeal, leave of the appellate court which heard the appeal may be required before the district court will allow an independent action." 10 Cyc. of Federal Proc. § 37:32 (3d ed. Nov. 2013), *citing Geuder, Paeschke & Frey Co. v. Clark*, 288 F.2d 1 (7th Cir. 1961); *Griffin v. Federal Deposit Ins. Corp.*, 831 F.2d 799 (8th Cir. 1987); *Dankese Engineering, Inc. v. Ionics, Inc.*, 89 F.R.D. 154 (D. Mass. 1981); *see also* FPP § 2868 ("Leave of the appellate court has been required before the district court may entertain an action attacking a judgment that has been affirmed on appeal."); *but see Bailey*

---

[1] The Court makes no determination if consideration of this issue is appropriate in this case or if the request for an independent action should have been made in a separate action. *See e.g., Nevada VTN v. General Ins. Co. of America*, 834 F.2d 770 (1987) (separate independent action instituted); *Bailey v. I.R.S.*, 188 F.R.D. 346 (D.Ariz. 1999) (same).

- 4 -

*v. I.R.S.*, 188 F.R.D. 346 (D.Ariz. 1999) (review of independent action by district court without leave of appellate court).

Although this Court is not aware of any Ninth Circuit authority addressing this issue, the Court finds the interests of finality of judgments, absence of power in the lower court to change or reverse the mandate of an appellate court, and the concern of an appellate court to protect the integrity of its judgments, *see* 10 Cyc. of Federal Proc. § 37:32, support a conclusion that this Court does not have the authority to address this issue without leave of the appellate court.

Furthermore, it is not clear if the appellate court's order that all pending motions be denied as moot applied to any pending motions docketed with the District Court Clerk of Court. However, it does not appear any other motions were pending before the appellate court at the time that court issued its ruling. Because there is (1) an interest in the finality of a judgment, (2) an absence of power in this Court to change an appellate court mandate, (3) a concern of the appellate court to protect the integrity of its judgment in this case, and (4) the appellate court may have already spoken as to whether an independent action should be permitted to proceed, the Court finds it appropriate to deny Plaintiffs' request to file its lodged documents requesting to proceed with an independent action.

Accordingly, IT IS ORDERED:

1. The Motion for Hearing to Review Status of Motion (Doc. 170) is DENIED.

2. Plaintiffs' Objection (Doc. 172) is OVERRULED.

3. Plaintiffs' Second Request for Hearing (Doc. 174) is DENIED.

4. Plaintiffs' requests to file lodged documents to request leave to proceed with an independent action (Docs. 171 and 173) are DENIED. The Clerk of Court shall not file the lodged documents (Docs. 171 and 173).

DATED this 19th day of December, 2013.

_____
Cindy K. Jorgenson
United States District Judge